UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARLANDO SAMUEL, : | |
| : | |
| Plaintiff, : | No.: 2:22-cv-02451-WB |
| : | |
| v. : | |
| : | |
| THE DELAWARE COUNTY : | |
| HOUSING AUTHORITY, et al., : | CIVIL ACTION - LAW |
| : | |
| Defendants. : | |
| : | |

**JOINT REPORT OF RULE 26(F) MEETING AND PROPOSED DISCOVERY PLAN**

In accordance with Federal Rule of Civil Procedure 26 (f), counsel for the defendants conferred on January 23, 2023 and submit to Chambers the following report of their meeting for the Court's consideration. *Pro Se* Plaintiff, Earlando Samuel, did not respond to a request to contact counsel to schedule a meeting. (See, Defendants' Joint Motion to Continue Preliminary Pre-Trial Conference ECF 43)[1].

1. **Discussion of Claims, Defenses and Relevant Issues**

   **For Plaintiff**: Plaintiff did not respond to a request to contact the undersigned counsel to confer.

   **For Defendants**:

   A. **Delaware County Housing Authority ("DCHA") Defendants**: The claims asserted by Plaintiff lack both a factual and legal basis and are not timely pursued. Plaintiff was provided an HCV voucher for a one-bedroom apartment in 2019, where he has continued to reside. He was provided instructions if he wished to update the HCV to a two-bedroom apartment to accommodate for a live-in aid in August, 2021; but to date,

---

[1] Denied after preparation of Report.

1

has taken no action in this regard. See, Amend. Cmplt. Ex. 8 (ECF 36, p. 41 of 103). Plaintiff brings claims in the nature of violation of federal statutes related to criminal proceedings, the Federal Trade Commission or others; which have no legal merit.

B. **Ingerman Defendants**: The Ingerman Defendants deny Plaintiff's claims, which lack factual and legal merit. Plaintiff lacks standing to pursue causes of action under federal criminal statutes. His claims under the Fair Housing Act and Americans with Disabilities Act are largely time barred. Any timely allegations are legally insufficient to state a cause of action. Plaintiff fails to set forth sufficient facts to maintain his state law claims for intentional infliction of emotional distress and unfair trade practices under the Pennsylvania Unfair Trade Practices and Consumer Protection law.

The Primary issues to address by Defendants include Plaintiff's history in porting from the New Castle County Housing Authority (and claims pending in Delaware relating to his housing); interaction with the DCHA and Ingerman Properties regarding his housing; Plaintiff's actions in obtaining housing and signing a lease for a one bedroom apartment; Plaintiff's lack of conduct after signing the one-bedroom lease; and facts surrounding Plaintiff's claims for a violation of federal law or statutes; and how those claims have merit or relate to this civil action and the timing of such conduct as being time barred.

The DCHA Defendants filed a Motion to Dismiss on January 17, 2023 (ECF 40); and the Ingerman Defendants intend to file a Motion to Dismiss Plaintiff's Amend. Cmplt. pursuant to this Court's Order providing an extension of time until January 30, 2023. (ECF 37).

**2. Initial and Informal Disclosures:**

**For Plaintiff**: Plaintiff did not respond to a request to contact the undersigned counsel to confer.

**For Defendants**: Rule 26 disclosures will be provided in accordance with the Federal Rules of Civil Procedure. Defendants will agree to discuss with Plaintiff providing any informal discovery; should Plaintiff provide specific requests of information requested – not already contained in his Amended Complaint.

3. **Formal Discovery**

<u>For Plaintiff</u>: Plaintiff did not respond to a request to contact the undersigned counsel to confer.

**For Defendants**: Each set of defendants (DCHA Defendants and Ingerman Defendants) intend to serve Interrogatories and Requests for Production of Documents for the standard number in accordance with the Federal Rules of Civil Procedure.

<u>Fact Discovery</u>: To be completed 90 days following the adjudication of the pending Motions to Dismiss.

<u>Expert Reports</u>: Thirty (30) days following the end of Fact Discovery. At present, neither the DCHA defendants nor the Ingerman Defendants anticipate retaining an expert.

<u>Opinion Testimony</u>: Thirty (30) days following the end of Fact Discovery.

<u>Expert Witness Discovery</u>: 30 days following the deadline for Expert Reports.

4. **Electronic Discovery**

Should electronic discovery be at issue, the parties will confer and reach an agreement as to how to proceed.

5. **Expert Discovery:**

See, proposed deadlines above.

6. **Early Settlement or Resolution**

The Defendants will discuss with Plaintiff the possibility of resolving these claims, should Plaintiff wish to do so and understand the necessity of providing the necessary documentation which would otherwise be required for an HCV or housing.

7. **Trial Date:**

Sixty (60) days following the end of expert discovery; or the adjudication of anticipated Summary Judgment Motions.

8. **Other**

Plaintiff filed a Motion for Appointment of Counsel on January 19, 2023 (ECF 42) which has yet to be decided[2].

| SIANA LAW | BALLARD SPAHR |
|---|---|
| By:/s/ *Sheryl L. Brown* | By: /s/ *Martin C. Bryce* |
| Sheryl L. Brown, Esquire, I.D. #59313 | Martin C. Bryce, Esquire |
| Connie E. Henderson, Esquire I.D. #327325 | Catharine E. Lubin, Esquire |
| Attorneys for Defendants, *Delaware County Housing Authority, Laura Blackburn, Dawn Ware, Catherine Cueny and Christina Pro* | Ballard Spahr LLP |
|  | Attorneys for Defendants, *Ingerman Property Management, Rashida Smith, RyAnn Williams, Nefertiti Rivers, Terri Hardin, and Greg Ward* |
| 941 Pottstown Pike, Suite 200 | 1735 Market Street, 51st Floor |
| Chester Springs, PA 19425 | Philadelphia, PA 19103 |
| (P): 610.321.5500 (F): 610.321.0505 | (P): 215.864.8238 |
| slbrown@sianalaw.com | (F): 215.864.8999 |
| cehenderson@sianalaw.com | brycem@ballardspahr.com |
|  | lubink@ballardspahr.com |

---

[2] Denied after preparation of report.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARLANDO SAMUEL, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> THE DELAWARE COUNTY : <br> HOUSING AUTHORITY, et al., : <br> : <br> Defendants. : <br> : | No.: 2:22-cv-02451-WB <br><br><br><br><br> CIVIL ACTION - LAW |

### CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this day a true and correct copy of the Defendants' Joint Rule 26(f) Report was served upon the following via ECF and/or U.S. Mail:

(ECF)

| | |
|---|---|
| Earlando Samuel <br> 207 Parker Place <br> Glen Mills, PA 19342 <br> (*via email and mail*) | Martin C. Bryce, Esquire <br> Catharine E. Lubin, Esquire <br> Ballard Spahr LLP <br> 1735 Market Street, 51st Floor <br> Philadelphia, PA 19103 <br> *Attorneys for the Ingerman Defendants* |

**SIANA LAW**

Date: January 23, 2023    By:    ***/s/ Sheryl L. Brown***
Sheryl L. Brown, Esquire, I.D. #59313
Connie E. Henderson, Esquire I.D. #327325
Attorneys for Defendants, *Delaware County Housing Authority, Laura Blackburn, Dawn Ware, Catherine Cueny and Christina Pro*
941 Pottstown Pike, Suite 200
Chester Springs, PA 19425
(P): 610.321.5500 (F): 610.321.0505
slbrown@sianalaw.com
cehenderson@sianalaw.com

5