UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARLANDO SAMUEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 2:22-cv-2451 |
| THE DELAWARE COUNTY HOUSING AUTHORITY, ET. AL. | ) ) ) ) |
| Defendants. | ) ) |

**REPLY IN FURTHER SUPPORT OF THE MOTION OF INGERMAN PROPERTY MANAGEMENT, RASHIDA SMITH, RYANN WILLIAMS, NEFERTITI RIVERS, TERRI HARDEN, AND GREG WARDEN TO DISMISS PLAINTIFF EARLANDO SAMUEL'S AMENDED COMPLAINT**

Defendants Ingerman Property Management[1] ("Ingerman"), Rashida Smith, Ryann Williams, Nefertiti Rivers, Terri Hardin, and Greg Warden (together "Ingerman Defendants"), through undersigned counsel, respectfully submit this Reply Brief in Further Support of their Motion to Dismiss Plaintiff's Amended Complaint.

**I.      ARGUMENT**

Plaintiff's Opposition to Defendants' Motion to Dismiss ("Plaintiff's Opposition") fails to identify any basis on which to deny Defendants' Motion.  Indeed, Plaintiff asserts only that Defendants' Motion is premature because "this is a factual dispute that ultimately needs to be resolved by a Jury rather than an issue of law for the Court to decide upon." He does not identify any issue of fact or otherwise explain why his allegations sufficiently plead a cause of action.  As

---

[1] Plaintiff erroneously filed the Amended Complaint against Ingerman Property Management, however, Ingerman's correct legal name is Ingerman Management Company.

set out in Defendants' Memorandum of Law, Plaintiff fails to set forth sufficient factual allegations to plead any cause of action asserted in his Amended Complaint.

In particular, Plaintiff's claims under the Fair Housing Act are largely barred by the Act's two-year statute of limitations.  His timely allegations fail to allege he suffered an adverse action as required to state a claim for interference or retaliation under the Fair Housing Act.  Indeed, Plaintiff's sole timely allegation is that his out of pocket expenses increased to the full amount of rent for three months.  Plaintiff admits, however, that Ms. Pro made the necessary corrections to remedy the issue.  Am. Compl. ¶ 17.  Accordingly, Plaintiff did not experience an adverse action, nor did the conduct of any Ingerman Defendant interfere with Plaintiff's use and enjoyment of the property.  *See Davis v. Rubin*, No. 20-CV-6271, 2020 U.S. Dist. LEXIS 240453, at *9 (E.D. Pa. Dec. 22, 2020) (dismissing interference and retaliation claims under § 3613 where the allegations failed to describe the alleged conduct with particular sufficiency nor did it plausibly link protected activity to an adverse action or retaliatory motive).  His remaining conclusory allegations are unsupported by facts and are therefore insufficient to state a claim.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007).

Plaintiff's claim under the Americans with Disabilities Act fails because Ingerman is not a "public accommodation" within the meaning of the Act, Plaintiff does not seek any injunctive relief, and his factual allegations fail to state a claim.  *See* Defendants Memorandum of Law at 9-11.  There are no facts Plaintiff could assert to cure these deficiencies; thus his claim fails as a matter of law.

Plaintiff lacks standing to pursue federal criminal charges against any of the Ingerman Defendants.  *See Whaley v. Pennsylvania*, No. 4:22-CV-00987, 2022 U.S. Dist. LEXIS 231931, at

\*34 (M.D. Pa. Dec. 27, 2022).  As a result, his claims under 18 U.S.C. § 241 (Conspiracy Against Rights) and 18 U.S.C. § 2261A (Stalking) fail as a matter of law.

Similarly, Plaintiff's claim under the Federal Trade Commission Act fails because there is no private right of action under that statute.  *See Peeples v. Portfolio Recovery Assocs., LLC*, No. 22-CV-4639-RBS, 2023 U.S. Dist. LEXIS 12439, at \*8 (E.D. Pa. Jan. 24, 2023) (collecting cases) (dismissing a private plaintiff's claim under the Federal Trade Commission Act with prejudice).

Plaintiff's claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law fails as a matter of law because Plaintiff does not allege any conduct by any Ingerman Defendant on which he justifiably relied that led to an ascertainable loss.  In particular, Plaintiff invokes the advertising section of the statute, which prohibits "[a]dvertising goods or services with intent not to sell them as advertised." 73 P.S. § 201-2(4)(ix).  The only advertisement referenced in the Amended Complaint is one from Birchwood at Concord Point, noting that two-bedroom apartments were available for rent.  *See* Am. Compl. ¶¶ 2, 4.  Plaintiff does not, however, allege that this advertisement was false, that it deceived him, or that any representation set out in the advertisement made a difference in his leasing decision.  *See, e.g.,* Am. Compl.  Accordingly, Plaintiff fails to set forth facts in support of any element of a false advertising claim.  *See Stephanie v. U.S. Bank*, No. 1:21-cv-237-SPB, 2022 U.S. Dist. LEXIS 172773, at \*33 (W.D. Pa. Sep. 23, 2022) (quoting *Ranalli v. Etsy.com, LLC*, 570 F. Supp. 3d 301, 307 (W.D. Pa. 2021).  Nor does Plaintiff allege any facts suggesting Ingerman engaged in deceitful conduct he justifiably relied on and suffered a resulting ascertainable loss.  Thus, Plaintiff also fails to state a claim under the catch-all provision of the UTPCL.  *See Palek v. State Farm Fire & Cas. Co*., 535 F. Supp. 3d 382 (W.D. Pa. 2021).  Plaintiff's claim under the UTPCPL must be dismissed.

Finally, Plaintiff's claim for intentional infliction of emotional distress fails because the Amended Complaint is devoid of any allegations of outrageous conduct necessary to state a claim. Indeed, Plaintiff simply recites the elements of a cause of action for intentional infliction of emotional distress, without a single allegation of such conduct. *See* Am. Comp. ¶ 38. This is insufficient to state a claim. *See Smith v. RB Distribution, Inc.*, 498 F. Supp. 3d 645, 666 (E.D. Pa. 2020) (finding conclusory allegations that the defendants "intentionally and recklessly harassed and inflicted emotional injury on [the plaintiff] by subjecting her to outrageous treatment beyond all bounds of decency" insufficient to state a claim). Plaintiff's claim for intentional infliction of emotional distress must be dismissed.

## II. CONCLUSION

For the foregoing reasons, and those set out in Defendants' Memorandum of Law, the Ingerman Defendants respectfully request that the Court grant Defendants' Motion and dismiss Plaintiff's Amended Complaint in its entirety with prejudice.

Dated: February 8, 2023

Respectfully submitted,

/s/ Martin C. Bryce
Martin C. Bryce
Catharine E. Lubin
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Telephone: 215-864-8751
brycem@ballardpahr.com
lubink@ballardspahr.com

*Counsel for Defendants*